## Take v 267 Goldie Partners LLC

2024 NY Slip Op 31410(U)

April 22, 2024

Supreme Court, Kings County

Docket Number: Index No. 535152/23

Judge: Lawrence Knipel

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Part 57 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the 22nd day of April, 2024

PRESENT:

HON. LAWRENCE KNIPEL,

                   Justice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

EKANEM TAKE, individually and derivatively
ON BEHALF OF 267 GOLDIE PARTNERS, LLC,

           Plaintiff,

      - against -

267 GOLDIE PARTNERS LLC, DONALD M
MATHESON, MELISSA BENJAMIN,
ELLIOT BERMAN, CITIZENS BANK N.A.
PARKING VIOLATIONS BUREAU,
COMMISSIONER OF LABOR STATE OF
NEW YORK,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**ORDER**

Index No.: 535152/23

Defendants Melissa Benjamin and Elliot Berman move by order to show cause to cancel the notice of pendency filed by plaintiff and, in effect, for summary judgment dismissing plaintiff's claim to void and rescind the deed from defendant 267 Goldie Partners LLC (LLC) dated October 19, 2021, for the property located at 267 Putnam Avenue, Brooklyn, New York.

In September 2021, defendant Donald Matheson provided an affidavit to the moving defendants stating that he was authorized to convey the subject property, that there was no provision prohibiting him from selling the property, and that he was the sole member of LLC.

However, in her complaint, plaintiff alleges that she and Matheson formed LLC, and agreed to an Operating Agreement that would control their joint venture for redeveloping the property. Pursuant to their

[* 1]

operating agreement, plaintiff alleges she had a 40% interest in LLC, and that the sale of the property required a unanimous decision of all members. Plaintiff contends that since Matheson did not have unanimous consent of the members of the LLC to transfer to the moving defendants, the purported conveyance is null and void and the LLC should be declared the sole owner of the property.

Defendants, however, contend that they purchased the subject premises for its appraised value of $1,500,000, and that they have undertaken major renovations and expended over $600,000 to date to make the premises their primary residence. In addition, they have a $2,875,000 mortgage with a $1.4 million construction loan. Because of the notice of pendency, their construction loan was "frozen", their property is gutted and thus subject to deterioration and vandalism, and they are liable for mortgage payments over $7000 a month.

In this motion, the moving defendants contend that plaintiff's argument that the deed here is void ab initio is misplaced. A deed is void ab initio if the signature purporting to be the grantor's is forged. Here, however, while there may be issues as to the grantor's authority to sign the deed, there is no issue as to the grantor's authenticity, and the deed is merely voidable. And, by waiting over two years to bring this lawsuit, the moving defendants argue that they are entitled to the equitable defense of laches which would prevent plaintiff from seeking to void it now. This is especially so here, in light of the great expenses incurred by the moving defendants who entered into an arms length transaction, paid fair value for the property and incurred substantial financial obligations to renovate their home. Plaintiff argues in opposition that forgery is but one species of fraud, and that using the fake operating agreement for the purpose of fraud and deceit against the other partner should make this transaction void ab initio.

A forged deed is void at its inception, a legal nullity that is not entitled to legal effect and cannot convey good title (*see Morden v Dorthy*, 160 NY 39 [1899]; *Faison v Lewis*, 25 NY2d 2015 [2015]). In contrast, a deed where the signature and authority for conveyance are acquired by fraudulent means is

[* 2]

voidable, and until it is set aside it has the effect of transferring title to the grantee (*Faison v Lewis, supra*; *Matter of Shau Chung Hu v Lowbet Realty Corp.*, 161 AD3d 986 [2d Dept 2018][Subject deed was only voidable, not void ab initio, since petitioner alleged that the signature in question and authority to convey were acquired by fraudulent means but did not allege that the signature was forged]).

"The essence of the equitable defense of laches is prejudicial delay in the assertion of rights (citations omitted)" (*Stein v Doukas*, 98 AD3d1026 [2d Dept 2012][In order for laches to apply to the failure of an owner of real property to assert his or her interest, it must be shown that the plaintiff inexcusably failed to act when he or she knew or should have known that there was a problem with title]). "Moreover, as the effect of delay may be critical to an adverse party, delays of even less than one year have been sufficient to warrant the application of the defense" (*Stein v Doukas, supra*, 98 AD2d at 1028; *see Schulz v State of New York*, 81 NY2d, 336, 348 [1993]).

Here, Matheson misrepresented to the moving defendants that he was authorized to sell the property, that there was no reason he could not sell and that he was the sole member of LLC. But he did not forge the signature of another individual who in truth owned the property. His signature was authentic and he was a majority partner in LLC. Because of the alleged fraud on plaintiff, however, the deed was voidable. Plaintiff could have moved in immediately to cancel the sale and restore title to the LLC, but she did not. The moving defendants were bona fide purchasers, paid valuable consideration, lacked knowledge of any fraud in the conveyance or of any facts that would lead a reasonably prudent purchaser to inquire about possible fraud. Their reliance on the appearance of Matheson's apparent authority was reasonable. In the two years since purchasing the subject premises they embarked on gut renovations, an enhanced mortgage to finance the renovations and a construction loan that is apparently frozen due to the filing of the notice of pendency and this litigation. In addition, under these circumstances, the moving defendants are entitled to use the equitable

[* 3]

defense of laches to prevent plaintiff from voiding the sale at this time. Plaintiff can pursue other options, including seeking money damages from the party that caused her to sustain those damages.

Accordingly, the motion, in effect, for summary judgment dismissing the claim to void or rescind the deed to the moving defendants is granted, and the complaint is dismissed against them. In addition, the notice of pendency shall be vacated within one week after the date of this order.

The foregoing constitutes the decision and order of this court.

ENTER, FORTHWITH

J. S. C.

HON. LAWRENCE KNIPEL
ADMINISTRATIVE JUDGE

[* 4]